UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ESTATE OF FRANCIS GIGLIOTTI,<br>Plaintiff(s), | } | |
| v. | } | Docket No.: |
| RICHARD WELCH, LAUREN BONNELL, BRIGITTE HAMEL, KRISTOPHER BUCK, MICHAEL MILLS, AND KAYLEE SARFDE,<br><br>Defendant(s). | } | |

COMPLAINT AND JURY DEMAND

1. The plaintiff Mary Clohecy is the Personal Representative of the Estate of Francis Gigliotti pursuant to her appointment in the Essex Probate and Family Court, Docket Number ES26P0030EA. Mary Clohecy is the mother of Francis Gigliotti.
2. The defendant, Richard Welch ("WELCH"), was, at the times relevant to this complaint, an individual who was employed by the City of Haverhill as a police officer.
3. The defendant, Lauren Bonnell ("BONNELL"), was, at the times relevant to this complaint, an individual who was employed by the City of Haverhill as a police officer.
4. The defendant, Brigitte Hamel ("HAMEL"), was, at the times relevant to this complaint, an individual who was employed by the City of Haverhill as a police officer.
5. The defendant, Kristopher Buck ("BUCK"), was, at the times relevant to this complaint, an individual who was employed by the City of Haverhill as a police officer.
6. The defendant, Michael Mills ("MILLS"), was, at the times relevant to this complaint, an individual who was employed by the City of Haverhill as a police officer.

7. The defendant, Kaylee Sarfde ("SARFDE"), was, at the times relevant to this complaint, an individual who was employed by the City of Haverhill as a police officer.

<u>The Death of Francis Gigliotti</u>

8. At approximately 6:22 pm on July 11, 2025 the Haverhill Police Department received a call reporting a person acting erratically.
9. The defendants, WELCH and BONNELL were working and were dispatched to the area.
10. WELCH was the first to arrive and he observed the decedent, Francis Gigliotti ("Francis").
11. WELCH interacted with Francis and recognized him as a person who had mental health issues.
12. WELCH did not believe or have reason to believe that Francis had committed any crime.
13. WELCH did not believe or reason to believe that Francis was a serious danger to himself or to any other person.
14. BONNELL was the second to arrive and she observed Francis.
15. BONNELL did not believe or have reason to believe that Francis had committed any crime.
16. BONNELL did not believe or reason to believe that Francis was a serious danger to himself or to any other person.
17. Francis attempted to leave the area and walk towards his home.
18. WELCH and BONNELL attempted to seize Francis, but Francis walked and ran away from them.
19. At the time Francis walked and ran away from WELCH and BONNELL neither WELCH nor BONNELL had a reasonable suspicion or probable cause to believe (1) that Francis

had committed any crime or (2) that Francis was a serious danger to himself or to any other person.

20. HAMEL was the third to arrive and she observed Francis.
21. HAMEL did not believe or have reason to believe that Francis had committed any crime.
22. HAMEL did not believe or reason to believe that Francis was a serious danger to himself or to any other person.
23. After HAMEL arrived, WELCH placed his hand upon Francis and restrained Francis' freedom of movement.
24. Francis then attempted to enter Bradford Seafoods, an establishment open to the public.
25. WELCH, BONNELL and HAMEL physically prevented Francis from entering the establishment and took him to the ground physically.
26. At the time WELCH, BONNELL and HAMEL physically restrained Francis they did not have a reasonable suspicion or probable cause to believe (1) that Francis had committed any crime or (2) that Francis was a serious danger to himself or to any other person.
27. WELCH, BONNELL and HAMEL placed their body weights on top of Francis while Francis was prone, face down, on the ground.
28. Now deceased former police officer Katelyn Tully was the next officer to arrive and she joined in placing her body weight on Francis.
29. BUCK arrived next and placed his body weight on top of the prone Francis, joining WELCH, BONNELL, HAMEL and Tully.
30. At the time BUCK joined in physically restraining Francis he did not have a reasonable suspicion or probable cause to believe (1) that Francis had committed any crime or (2) that Francis was a serious danger to himself or to any other person.

31. MILLS arrived next and placed his body weight on top of the prone Francis, joining WELCH, BONNELL, HAMEL, Tully and BUCK.

32. At the time MILLS joined in physically restraining Francis he did not have a reasonable suspicion or probable cause to believe (1) that Francis had committed any crime or (2) that Francis was a serious danger to himself or to any other person.

33. SARFDE arrived next and placed her body weight on top of the prone Francis, joining WELCH, BONNELL, HAMEL, Tully and BUCK.

34. At the time SARFDE joined in physically restraining Francis she did not have a reasonable suspicion or probable cause to believe (1) that Francis had committed any crime or (2) that Francis was a serious danger to himself or to any other person.

35. WELCH, BONNELL, HAMEL, MILLS, Tully, BUCK and SARDFE remained on top of Francis, restraining his freedom of movement and continuing to keep their combined body weight on top of him until he could no longer breathe and died of a cardiac dysrhythmia caused by positional asphyxia.

36. The combined actions of WELCH, BONNELL, HAMEL, MILLS, BUCK and SARFDE were the legal and factual cause of Francis' death.

**COUNT ONE**
**42 U.S.C. 1983 v. WELCH**

37. The plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

38. The actions of WELCH violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures and the clearly established and well settled right to due process of law protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff demands judgment against the defendant, WELCH, jointly and severally with all other defendants herein, including:

a. Compensatory Damages;

b. Punitive Damages;

c. Costs of this action;

d. Reasonable attorneys fees; and

e. Such other and further relief as this Court may deem appropriate.

**COUNT TWO**
**42 U.S.C. 1983 v. BONNELL**

39. The plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

40. The actions of BONNELL violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures and excessive force and the clearly established and well settled right to due process of law protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff demands judgment against the defendant, BONNELL, jointly and severally with all other defendants herein, including:

f. Compensatory Damages;

g. Punitive Damages;

h. Costs of this action;

i. Reasonable attorneys fees; and

j. Such other and further relief as this Court may deem appropriate.

**COUNT THREE**
**42 U.S.C. 1983 v. HAMEL**

41. The plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

42. The actions of HAMEL violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures and excessive force and the clearly established and well settled right to due process of law protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff demands judgment against the defendant, HAMEL, jointly and severally with all other defendants herein, including:

k. Compensatory Damages;
l. Punitive Damages;
m. Costs of this action;
n. Reasonable attorneys fees; and
o. Such other and further relief as this Court may deem appropriate.

**<u>COUNT FOUR</u>**
**42 U.S.C. 1983 v. BUCK**

43. The plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

44. The actions of BUCK violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures and excessive force and the clearly established and well settled right to due process of law protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff demands judgment against the defendant, BUCK, jointly and severally with all other defendants herein, including:

p. Compensatory Damages;

q. Punitive Damages;

r. Costs of this action;

s. Reasonable attorneys fees; and

t. Such other and further relief as this Court may deem appropriate.

**COUNT FIVE**
**42 U.S.C. 1983 v. MILLS**

45. The plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

46. The actions of MILLS violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures and excessive force and the clearly established and well settled right to due process of law protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff demands judgment against the defendant, MILLS, jointly and severally with all other defendants herein, including:

u. Compensatory Damages;

v. Punitive Damages;

w. Costs of this action;

x. Reasonable attorneys fees; and

y. Such other and further relief as this Court may deem appropriate.

**COUNT SIX**
**42 U.S.C. 1983 v. SARFDE**

47. The plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

48. The actions of SARFDE violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from

unreasonable searches and seizures and excessive force and the clearly established and well settled right to due process of law protected by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff demands judgment against the defendant, SARFDE, jointly and severally with all other defendants herein, including:

z. Compensatory Damages;

aa. Punitive Damages;

bb. Costs of this action;

cc. Reasonable attorneys fees; and

dd. Such other and further relief as this Court may deem appropriate.

**THE PLAINTFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
The Plaintiff by his/her attorney

*/s/ Michael J. Heineman*
Michael J. Heineman Esq.
BBO# 556841
Collin Lenfest Esq.
BBO# 717598
Heinlein Beeler Mingace &
Heineman, PC
276 Union Avenue
Framingham, MA 01702
Tel. (508) 626-8500
Fax: (508) 655-2700

Date: November 9, 2026